UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23611-CIV-GAYLES/WHITE

**LUKELY RILEY,**

       **Plaintiff,**

v.

**RICK SCOTT, et al.,**

       **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on the Report Re: Transfer to Correct Venue [ECF No. 6]. Plaintiff filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights by failing to list the Ethiopian Zion Coptic faith on the Florida Department of Corrections Chaplaincy Services List [ECF No. 1]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. Following a review of the record, Judge White recommended that this matter be transferred to the Middle District of Florida because Defendants' challenged actions occurred while Plaintiff was residing at Union Correctional Institution, which is located in the Middle District of Florida. Plaintiff filed a "Motion for Objection" wherein he does not appear to object to the transfer of this action. Plaintiff does object to "any other recommendation in this case the United States Magistrate Judge made because the case is out of his jurisdiction . . ." [ECF No. 8].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This Court, having conducted a *de novo* review of the record, agrees with much of Judge White's well-reasoned analysis but finds that transfer to the Middle District of Florida is not warranted. In his Complaint [ECF No. 1] and Motion for Temporary Restraining Order [ECF No. 4], Plaintiff alleges that (1) he believes in the Ethiopian Zion Coptic faith; (2) his religious contact log at Union Correctional Institution incorrectly denoted his religion as Jewish; and (3) he requested, first through the Chaplain at Union Correctional Institution and later directly to the Florida Department of Corrections Chaplaincy Services Administrator, that the State include the Ethiopian Zion Coptic religion on its list of computer codes for inmates' faiths. Plaintiff attaches correspondence from the Florida Department of Corrections which indicates that it cannot change the computer codes due to technical problems, but that Plaintiff can change his religious preference on his religious contact log by making the request directly to his chaplain. Plaintiff asks the Court to force the Defendants to include the Ethiopian Zion Coptic Faith in its list of faith codes.

The Court finds that Plaintiff's complaint regarding the listing of Jewish on his religious contact log, while housed at the Union Correctional Institution, is now moot. Plaintiff is

now housed at the South Florida Reception Center. There is nothing preventing Plaintiff from now requesting, as directed by the Florida Department of Corrections, that his religious contact log at the South Florida Reception Center note Ethiopian Zion Coptic as Plaintiff's preferred religion. To the extent Plaintiff is asking the Court to force the Florida Department of Corrections to change internal codes for its computer records, the Complaint fails to establish a basis for this Court's jurisdiction. Indeed, nothing in Plaintiff's Complaint supports a finding that Defendants are prohibiting Plaintiff from practicing his faith. Rather, Plaintiff's own allegations and attachments support a finding that Defendants are attempting to help Plaintiff with the proper procedures to change his religious designation.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)　Judge White's Report and Recommendation [ECF No. 6] is ADOPTED in PART;

(2)　This action is DISMISSED as moot and/or for lack of subject matter jurisdiction.

(3)　This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of October, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE