```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 17-23611-CIV-GAYLES
                              MAGISTRATE JUDGE P. A. WHITE
LUKELY RILEY,

     Plaintiff,

vs.

FLA. GOV. RICK SCOTT,
et al.,

     Defendants.
                                    /
```

**REPORT OF MAGISTRATE JUDGE**
**FOLLOWING REMAND**

### I. Introduction

The Plaintiff, **Lukely Riley**, while confined at the South Florida Reception Center in Miami, Florida, filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983. (DE#1). The Plaintiff sued Julie Jones, Secretary ("Sec. Jones"), Florida Department of Corrections ("FDOC"), and Florida's Governor Rick Scott ("Gov. Scott"). Liberally construed, the Plaintiff appeared to be alleging that, while confined at Union Correctional Institution ("Union CI"), his constitutional rights were being violated. Petitioner claimed that his First Amendment free-exercise clause and establishment clauses were being violated by Gov. Scott and Sec. Jones, because Plaintiff's religious faith, to-wit, Ethiopian Zion Coptic, was not on the FDOC's list of faith codes; and, as a result, the FDOC was listing his religion as Jewish. (DE#28:5).

After initial screening, a Report was entered recommending that the case be transferred to the Middle District of Florida because the events arose while he was confined at Union CI, located

in Union County, in the Middle District of Florida. (DE#6). Although the district court agreed that a transfer was warranted,[1] it declined to transfer the case finding the issue raised therein were "now moot," because the Plaintiff had since been transferred from Union CI. (DE#10).

Petitioner prosecuted an appeal therefrom, and the Eleventh Circuit, in a written, but unpublished opinion, found the District Court erred in dismissing the complaint. (Cr-DE#28:6). In so findings, the Eleventh Circuit noted that Plaintiff's claims were "not moot," because the Plaintiff, in pertinent part, met the standard for seeking recovery under 28 U.S.C. §1331, on the basis that the matter "arose under the Constitution, laws, or treaties of the United States." (Id.).

The Eleventh Circuit explained the §1331 standard was met as the Plaintiff "seeks recovery under the First Amendment for the FDOC's failure to recognize the Ethiopian Zion Coptic faith on equal footing with other religious faiths." (Id.). The Court further found the Complaint could be construed to raise a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc-1(a). (Id.:7-8). On the merits, however, the appellate court agreed that the Plaintiff's complaint fails "to indicate with any specificity how the defendants' actions impaired the free exercise of his Ethiopian Zion Coptic faith." Because the district court did not grant the Plaintiff leave to amend before dismissing the complaint, the appellate court vacated the Order of dismissal and remanded to permit the Plaintiff at least one opportunity to amend his complaint. (Id.:9). The mandate has since

---

[1] In fact, the Plaintiff conceded that a transfer was warranted, and thus did not voice any objections thereto. Moreover, in his motion to amend, he also concedes that the transfer was warranted, but that the district court erred in dismissing rather than transferring this action.

issued on the appeal (DE#28), and Plaintiff has filed a motion to amend (DE#29) with incorporated motion for temporary and permanent injunctive relief, and motion to proceed *in forma pauperis*. (DE#29:1-67).

The case has been re-referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions following the Eleventh Circuit's remand. See 28 U.S.C. §636(b)(1)(B), ©; Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

## II. Discussion

It is well settled law that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which his claims might be cognizable. United States v. Nickson, 521 Fed.Appx. 867, 868 (11th Cir. 2013)(quoting, United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).

Construing plaintiff's allegations liberally as afforded *pro se* plaintiff, pursuant to Haines v. Kerner, 404 U.S. 519 (1972), and as determined by the Court of Appeals, the Plaintiff sues Sec. Jones and Gov. Scott, claiming that the FDOC is violating his First Amendment rights, as discussed previously in this Report. The two named Defendants are located in the Northern District of Florida. Further, although the allegations can, in fact, continue from institution to institution, Plaintiff specifically alleged they arose at Union CI, a facility located in the Middle District of Florida.

3

Notwithstanding the foregoing, because the Eleventh Circuit has remanded this matter, given the instructions on remand, it is again recommended that the initial and amended complaint, raising claims against the named Defendants, Gov. Scott and Sec. Jones, be transferred to the Northern District of Florida, where jurisdiction lies.

It is well settled that a civil action filed by an inmate under authority of 42 U.S.C. §1983 "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." See 28 U.S.C. §1404(a). With the foregoing in mind, it is clear that transfer is warranted to the Northern District of Florida, because it is the judicial district were all of the named Defendants are located, and for convenience of the parties and witnesses, and in the interest of justice.

To transfer an action under §1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties. See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The court's consideration of the §1404(a) factors may include such criteria as the plaintiff's initial choice of forum, the convenience of the parties, the convenience of the

4

witnesses, the relative ease of access to sources of proof, the location of relevant documents, the availability of compulsory process for witnesses, the financial ability to bear the cost of the change, and trial efficiency. See Tampa Bay Storm, Inc. v. Arena Football League, Inc., 932 F.Supp. 281, 282 (M.D.Fla. 1996). Federal courts ordinarily accord deference to a plaintiff's choice of forum.

However, the decision to transfer an action pursuant to §1404(a) is left to the "sound discretion of the district court." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982); see also Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991). Such transfers may be made *sua sponte* by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F.Supp. 842, 846 (N.D.Ill. 1990) ("A court's authority to transfer cases under §1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Florida, Inc., 702 F.Supp. 783, 784 (W.D.Mo. 1989).

As noted above, it is clear from plaintiff's recitation of the facts that the majority of the material witnesses and named Defendants associated with his claims are located in the Northern District of Florida. It is, therefore, clear from the face of the complaint, as amended (DE#29), that the proper venue for this cause of action is the United States District Court, for the Northern District of Florida. See Stateline Power Corp. v. Kremer, 404 F.Supp.2d 1373 (S.D. Fla. Dec. 9, 2005); Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).

In light of the foregoing, the court concludes that in the

5

interest of justice and for the convenience of the parties and witnesses, this complaint, raising claims against Sec. Jones and Gov. Scott should be transferred to the United States District Court for the Northern District of Florida for review and determination, pursuant to 28 U.S.C. §1404. At that time, the transfer court may order plaintiff to amend the complaint, consistent with the findings of the appellate court, and may further enter an Order granting Plaintiff *in forma pauperis* status. At this juncture, however, the motion to amend with its attachments should be DENIED without prejudice to its refiling separately upon receipt of the case by the United States District Court, for the Northern District of Florida.

Although the plaintiff's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985). Neither the private interest of the litigants nor the public interest in the administration of justice are advanced by having this proceeding maintained in the Southern District of Florida. In the interest of justice, therefore, this action should be transferred to the Northern District of Florida.

For the foregoing reasons, the Undersigned recommends that the case be transferred to the United States District Court for the Northern District of Florida, at which time the court there may order Plaintiff to amend the complaint to state a cogent claim for relief, as suggested by the Eleventh Circuit. It is further recommended that, any motions for temporary restraining order, or for the grant of pauper status be DENIED without prejudice to its

refiling with the Northern District of Florida court.

### III.  Conclusion

For all of the foregoing reasons, it is recommended that: (1) this case be transferred to the United States District Court, for the Northern District of Florida, at which time the Plaintiff may refile an Amended Complaint, consistent with the Eleventh Circuit's opinion and remand instructions, as well as, separately filing an application to proceed *in forma pauperis*, and a renewed motion for temporary restraining order; and, (2) that Plaintiff's motion to amend with incorporated pleadings be DISMISSED, without prejudice, to its refiling once this matter is transferred and received by district court in the Northern District of Florida.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 21st day of September, 2018.

UNITED STATES MAGISTRATE JUDGE

```
cc:   Lukely Riley, Pro Se
      DC#051588
      Dade Correctional Institution
      Inmate Mail/Parcels
      19000 SW 377th Street
      Florida City, FL 33034
```