# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LUKELY RILEY,**

    **Plaintiff,**

vs.                            Case No. 4:18cv531-MW/CAS

**GOVERNOR RICK SCOTT,**
**and JULIE L. JONES,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff was ordered to file a second amended complaint. ECF No. 44. Plaintiff has complied, ECF No. 45, and his second amended complaint, ECF No. 44, has now been reviewed as is required by 28 U.S.C. § 1915A.

The prior Order noted that Plaintiff's amended complaint, ECF No. 42 at 3-5, did not properly disclose all of Plaintiff's prior cases. ECF No. 44. Thus, Plaintiff was required to make that disclosure in the second amended complaint. ECF No. 42. Plaintiff has not done so.

Plaintiff listed several prior cases, ECF No. 45 at 3-4, 10-12, however, he did not disclose having filed case number 2:13cv733-SPC-UAM in the Middle District of Florida. That case was filed on October 17, 2013, while Plaintiff[1] was incarcerated at Union Correctional Institution. The case was brought against Defendants J. G. Keith Cary and Marshall King Hall, and dismissed on November 1, 2013, for failing to state a claim. ECF No. 6 of that case. Plaintiff also filed a habeas petition in the Middle District of Florida in May of 2001 which he did not disclose. That case was dismissed on February 19, 2002. ECF No. 18 of case number 2:01 cv257-JES-DNF.

Accordingly, this case could be dismissed solely on the basis that Plaintiff failed to honestly disclose his prior cases. <u>Redmon v. Lake Cty. Sheriff's Office</u>, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that "district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to" show good cause for not disclosing all prior lawsuits filed); <u>Young v. Sec'y Florida for Dep't of Corr.</u>, 380 F. App'x 939, 941 (11th Cir. 2010) (finding "district court did not abuse its discretion when it

---

[1] The Court has confirmed by comparing the D.O.C. inmate numbers that the Plaintiff in this case is the same plaintiff who filed the other cases cited in this Report and Recommendation.

sanctioned Young for failing to disclose his prior cases."); Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). A federal court has inherent power to control the judicial proceedings and the conduct of the parties involved. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). These inherent powers are necessary for "courts to manage their own affairs" and "achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962). Thus, "a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132 (citing Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447 (1946)).

    This Court does take, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Additionally, in the wake of

28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. One of Plaintiff's omitted cases resulted in the imposition of a "strike" for failing to state a claim. Such a dismissal matters and must be disclosed.

Although this Report and Recommendation could recommend dismissal on the basis that Plaintiff's complaint did not honestly disclose his prior litigation, there is another reason this case cannot proceed. Plaintiff's allegations do not state a claim against the named Defendants.

The only named Defendants in this civil rights case are former Governor Rick Scott and former Secretary Julie Jones. *Id.* at 1. Plaintiff is currently incarcerated at the Dade Correctional Institution. *Id.* at 2. Plaintiff contends that his First and Fourteenth Amendment rights have been violated because of the Florida Department of Corrections' failure to recognize the Ethiopian Zion Coptic faith. *Id.* at 8. He also contends that his "right to be treated equally without discrimination" has been violated. *Id.*

---

[2]Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:18cv531-MW/CAS

The factual allegations of Plaintiff's second amended complaint do not state a claim against either Defendant Scott or Jones. Plaintiff alleged only that the Department of Corrections' chaplaincy services permits prisoners to designate their religious preference. *Id.* at 6. Plaintiff says there is no "code" from which to select his religious faith. *Id.* When Plaintiff requested information about that issue, chaplaincy services advised Plaintiff that his religion was not listed because Plaintiff was "the first inmate to indicate [that] as [his] religious preference." *Id.* at 7. Plaintiff was informed that there were "technical problems" with changing computer codes, but he was told that "a notification can be made in your religious contact log" to reflect that his religion was "Ethiopian Zion Coptic." *Id.* Plaintiff was advised to send a request to the chaplain asking to make that change. *Id.* at 7.

Plaintiff has provided no factual allegations which provide a basis for his claim against the Governor. There are no allegations which show any involvement by Governor Scott and, thus, the second amended complaint is insufficient to state a claim against the Governor.

In general, the Secretary is responsible for the policies and procedures of the Department of Corrections. However, Plaintiff has not

alleged any facts showing that there is a policy or practice which refuses to recognize Plaintiff's religious faith.  Plaintiff has not alleged facts which show that he is unable to practice his religious faith.  Furthermore, the second amended complaint fails to present any specific facts against the Secretary.  The second amended complaint is insufficient on its face.

To the degree Plaintiff could assert that *some* prison official violated his First Amendment rights, the second amended complaint is still insufficient.  Plaintiff's allegations reveal that when he requests recognition of his religious faith, it will be done.  ECF No. 45 at 7.  There are no facts presented which suggest, however, that Plaintiff is unable to practice his religious beliefs or that he has been treated differently or less favorably than any other inmate.  Accordingly, the complaint is insufficient to state a claim for violating either Plaintiff's First or Fourteenth Amendment rights. It is recommended that this case be dismissed and that Plaintiff's motion for a temporary restraining order be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 45, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that Plaintiff's motion for a temporary restraining

order, ECF No. 43, be **DENIED**, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 13, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**